# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AKI SINGAM, | DOCKET NUMBER |
| Appellant, | DC-0752-13-0457-C-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: July 15, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Aki Singam, Bethesda, Maryland, pro se.

Debbie Davis and Emily Shilts, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement and dismissed the agency's cross-petition as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a petition for enforcement in connection with a March 31, 2014 settlement agreement, resolving her appeal from the agency's action removing her from the position of Pharmacist, GS-0660-12, effective March 5, 2013. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-C-1, Compliance File (CF), Tab 1. The agreement provided that the agency would cancel the appellant's removal effective March 5, 2013, and replace the Standard Form 50 (SF-50) documenting her removal with a substitute SF-50 to reflect leave without pay (LWOP) status effective March 5, 2013. *Singam v. Department of Defense*, MSPB Docket No. DC-0752-13-0457-I-2, Refiled Appeal File (RAF), Tab 36 at 2-3. For this and other consideration, the appellant agreed to resign no later than September 30, 2014. *Id.* at 3.

¶3 The appellant alleged that the agency caused her health insurance coverage to lapse, even though the agreement required the agency to "assist [her] with application for such privileges and benefits during [the period of LWOP] subject to applicable law and regulations." CF, Tab 16; RAF, Tab 36 at 3. In response, the agency alleged that the appellant had breached the settlement agreement because she had not tendered her resignation by September 30, 2014. CF, Tab 3

at 4-5. Although the agency response was not labeled as such, the administrative judge treated it as a cross-petition for enforcement. CF, Tab 6, Tab 22, Compliance Initial Decision (CID) at 2, 10.

¶4 The administrative judge found that the agency had met its obligations under the settlement agreement, including the obligation to assist the appellant with her application for health benefits subject to applicable law and regulations during the LWOP period. CID at 5-9. The administrative judge additionally found that the agency could not by regulation continue the appellant's Federal Employee Health Benefits (FEHB) coverage beyond 1 year while she was in a LWOP status, but that it had notified her multiple times as to what she needed to do to obtain temporary continuation of coverage (TCC) after her FEHB coverage ended.[2] CID at 8-9. The appellant, however, failed to tender her resignation, which would have allowed her to obtain TCC. CID at 9. As for the cross-petition, the administrative judge found that, although the appellant failed to resign according to the terms of the agreement, the agency subsequently effectuated her resignation on May 15, 2015, mooting the issue. RAF, Tab 11 at 90; CID at 10. The administrative judge thus denied the petition for enforcement and dismissed the agency's cross-petition as moot.[3] CID at 11.

¶5 On review,[4] the appellant argues that the agency violated her right of due process because it did not provide her a copy of the Army Regulation 15-6 report

---

[2] The appellant initially enrolled in TCC immediately after her removal. After the settlement agreement was signed, the agency restored her FEHB coverage and refunded the TCC premiums she had paid. CF, Tab 3 at 33-35. When her FEHB coverage expired, the agency advised the appellant as to the actions she could take to reenroll in TCC. *Id.*

[3] Because the appellant requested attorney fees in her petition for enforcement, the administrative judge informed her that a motion for fees was a separate matter and she needed to file such a motion pursuant to the Board's regulations. CID at 11 n.5.

[4] The appellant's compliance petition for review and other filings with the Clerk of the Board include many attachments. Except for those attachments intended to support new arguments on review, *see, e.g.*, Compliance Petition for Review File, Tab 8, the attachments generally duplicate parts of the record that was before the administrative

containing the findings and recommendations upon which her removal was based when it proposed her removal. She argues that the agency representative during the earlier phases of this case, Major D.C., denied her request for a copy of the report. Compliance Petition for Review (CPFR) File, Tab 1 at 5-6, 12-16. Additionally, she asserts other deficiencies that she believes infringed upon her procedural due process rights. She asserts that Major D.C. was not a proper representative for the agency during her appeal because he had not been assigned to the Defense Health Agency, the parent agency for Fort Belvoir Community Hospital (FBCH), the facility from which she was removed.[5] *Id.* She also contends that the administrative judge erred in excluding the Department of the Army from the appeal as a party because Major D.C. was in the Army Judge Advocate General Corps, and she had worked at an Army facility, the Walter Reed Army Medical Center, before her transfer to FBCH. *Id.* at 12-14; *see Singam v. Department of Defense,* MSPB Docket No. DC-0752-13-0457-I-1, Initial Appeal File (IAF), Tab 20, Initial Decision at 2 n.1.

¶6    To the extent that the appellant is asking the Board to address the removal action or the initial appeal process, her arguments are unavailing. The removal appeal was settled, and the settlement agreement was entered into the record for enforcement purposes. RAF, Tabs 36-37. The only question before the Board is whether the agency violated the terms of that agreement. The settlement agreement does not address the merits of the removal action, and the appellant has not alleged that it was fraudulently procured and should be invalidated.

---

judge. *See Meier v. Department of the Interior*, [3 M.S.P.R. 247](), 256 (1980) (observing that evidence that is already a part of the record is not new).

[5] The appellant was removed from her position at FBCH for failure to follow instructions, inappropriate behavior, and absence without leave. RAF, Tab 16 at 42. The FBCH is administratively assigned to the Defense Health Agency of the Department of Defense, which was formed effective October 1, 2013, after the appellant's removal. CF, Tab 21 at 25-32.

¶7        The appellant also argues that D.D., a civilian attorney assigned to represent the agency after the initial decision was issued, was not a member of the Maryland State Bar at all times relevant to the appeal.  CPFR File, Tab 1 at 14-15.[6]   To the extent that the appellant's argument is even relevant, the Maryland State Bar records upon which she relies predate the close of the record in the proceeding below.  *Compare* CF, Tab 15, *with* CPFR, Tab 1 at 52-55.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not asserted that she diligently sought out this information while the proceeding was pending below.

¶8        The appellant argues that the administrative judge made incorrect findings as to whether the agency breached the settlement agreement.  The settlement agreement required the agency to "assist [a]ppellant with application for such privileges and benefits" to which she was entitled as an employee in a LWOP status "subject to applicable law and regulations."  RAF, Tab 36 at 3.  The appellant contends that the agency improperly cancelled her health insurance effective March 8, 2014, and did not assist her in obtaining TCC.  CPFR File, Tab 1 at 7-9.  She further argues that the cancellation of her insurance imposed serious costs on her family when her husband underwent emergency cardiac surgery in May 2014.  *Id.* at 8-9.  Although Blue Cross Blue Shield (BCBS) initially paid the related claims, it later reversed its coverage decision, and her husband became responsible for the full cost of treatment.  CF, Tab 20 at 18-26.  The appellant also argues that the administrative judge erroneously concluded that the settlement agreement "merely" required the agency to assist her with her

---

[6] The appellant additionally filed a motion to disqualify D.D.  CPFR File, Tab 4.  We deny the motion.  Our regulations do not require that parties select attorneys as representatives.  *See* 5 C.F.R. § 1201.31(a), (b).

application for health benefits subject to applicable law and regulations during her LWOP period. Instead, she asserts, the agency was obligated to take "affirmative steps to make coverage possible." CPFR File, Tab 1 at 9-10. Finally, the appellant asserts that the administrative judge erroneously concluded she was incorrect in her claim that the agency had to pay her portion of her FEHB premiums while she was in a LWOP status. *Id*. at 10-11.

¶9		The administrative judge correctly found that the agency did not breach the agreement. Pursuant to the agreement, the agency placed the appellant in LWOP status, restoring her FEHB coverage until March 8, 2014. CF, Tab 11 at 33, Tab 20 at 5. An employee in a LWOP status may maintain FEHB coverage for 365 days. 5 C.F.R. § 890.303(e)(1). The appellant's then-attorney acknowledged that the appellant knew that she would be responsible for payment of her portion of the premiums during that period. CF, Tab 3 at 34-35. The SF-50 documenting her placement on LWOP status states:

> If you enter a leave without pay status or any other type of nonpay status or your pay is insufficient to cover your FEHB premium, then you must elect to either: (1) terminate your enrollment in FEHB, or (2) continue it for up to 365 days and agree to the premium or incur a debt. If you do not elect to terminate or continue your enrollment, it automatically terminates at the end of the last pay period in which you paid premiums. Contact your serving Human Resources or see the FEHB Handbook at http://www.opm.gov.insure for detailed information.

CF, Tab 11 at 33. Pursuant to the agreement, the agency allowed the appellant to remain in a LWOP status through September 30, 2014, when she was to have voluntarily resigned. RAF, Tab 36 at 3.

¶10		As for granting her assistance in obtaining TCC after March 8, 2014, the appellant knew that the agency does not involve itself in a former employee's election to continue her healthcare coverage upon separation. CF, Tab 3 at 32-33. Nevertheless, the agency's Human Resources personnel assisted her over an extended period in obtaining TCC after her FEHB coverage period ended. *See*

*id.* at 32-37. The record shows that the appellant's own actions caused her to be unable to obtain coverage. The qualifying event for TCC enrollment is separation from service. CF, Tab 19 at 15. The appellant was still in LWOP status on March 8, 2014, when her FEHB coverage ended. The agency repeatedly informed her that she was ineligible to obtain TCC because she remained an employee, and it offered to assist her in processing her voluntary resignation so she could obtain retroactive coverage. CF, Tab 18 at 153, Tab 19 at 5-6; *see* CF, Tab 19 at 8-10, 12-13. The agency repeatedly explained that the proper forms had been submitted and the only barrier to her enrollment in TCC was her failure to resign. CF, Tab 19 at 8-9, 12-13. Accordingly, we find that the appellant has not shown that the agency failed to comply with the terms of the settlement agreement. We deny her compliance petition for review.

¶11     Finally, the appellant's husband, K.S., filed a motion to intervene in this proceeding because he had become fully liable for the cost of his emergency surgery after the appellant's health insurance lapsed. CPFR File, Tab 8. Although he filed this motion after the record on review closed, we will consider it. CPFR File, Tabs 2-3, 5, 8; *see* 5 C.F.R. § 1201.114(a)(5). A motion to intervene in a Board proceeding "must state in detail the reasons why the person, organization or agency should be permitted to intervene . . . . [and] will be granted if the requester shows that he or she will be affected *directly* by the outcome of the proceeding." 5 C.F.R. § 1201.114(i)(3) (emphasis added). Although K.S. asserts that he bears "direct and consequential financial and health consequences" in this matter, CPFR File, Tab 8 at 5, only the appellant was directly eligible for FEHB coverage, *see id.* at 7. As the plan participant, she controlled whether family members were covered by the plan she selected as a benefit of Federal employment. She also signed the settlement agreement in this action, and she alone could have taken action to obtain TCC.

¶12     To the extent that the appellant may have intended here to raise a new argument on review, the Board will not consider an argument raised for the first

time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks*, 4 M.S.P.R. at 268. Information regarding K.S.'s surgery and its financial implications after the termination of the appellant's FEHB coverage was part of the record below. CF, Tab 20 at 18-26. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). For all of these reasons, we deny the motion.[7]

¶13    Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[8]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your

---

[7] The appellant has also filed a "Motion to File Supplemental Response Based on New Evidence," a "Motion for Leave to Supplement the Petition for Review," and a "Second Motion for Leave to Supplement Record."  In these motions, the appellant seeks leave from the Board to submit evidence concerning the agency representatives' authorization to practice law and represent the agency in her appeal, the status of the appellant's healthcare coverage, and the impact of cancellation of the appellant's healthcare coverage on the appellant's spouse.  Because these matters have been raised previously by the appellant, are addressed in this final decision, or are otherwise not material to the outcome of this appeal, we deny the appellant's motions.

[8] The administrative judge failed to inform the appellant of her mixed-case right to appeal from the initial decision on her discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court.  This was error, but it does not constitute reversible error, because we notify the appellant of her mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:          _____

                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.